Marcel KATES, Plaintiff, Appellee,

v.

CENTRONICS DATA COMPUTER CORPORATION, Defendant, Appellant.

No. 87–1136.

United States Court of Appeals, First Circuit.

Argued July 28, 1987.

Decided Sept. 2, 1987.

---

Mark W. Dean with whom Andrew D. Dunn and Devine, Millimet, Stahl & Branch Professional Ass'n were on brief, for defendant, appellant.

April H. Babbitt with whom Jean-Claude Sakellarios was on brief, for plaintiff, appellee.

Before BOWNES, NOONAN * and SELYA, Circuit Judges.

* Of the Ninth Circuit, sitting by designation.

NOONAN, Circuit Judge.

Centronics Data Computer Corporation (Centronics), a Delaware corporation, appeals from a judgment in favor of Marcel Kates, a citizen of Massachusetts. Jurisdiction is based on diversity; New Hampshire law applies. We reverse and direct entry of judgment in favor of Centronics.

## FACTS

On October 15, 1981, Centronics made an offer of 1,000 shares of its stock at a price of 1 cent per share to Kates, one of the corporation's supervising engineers and a key employee. The offer was entitled "Offer of Shares Pursuant to Restricted Stock Purchase Plan of Centronics Data Computer Corp." Kates accepted the offer on November 6, 1981. His acceptance included the following statement:

> I represent and agree that the Restricted Shares are being acquired by me in accordance with and subject to the terms, provisions and conditions of the Plan, including, without limitation, paragraph 6 and 7 thereof, to all of which I hereby expressly assent.

Paragraph 6 of the Plan referred to restrictions that would appear on the face of the stock certificate. Paragraph 7 spelled out these restrictions and in particular provided that if the purchaser's employment was terminated he must offer the shares to the company at the original price; after such "written offer" the company had 20 days to exercise its election.

Centronics did not give Kates a copy of the Plan but did give him a document entitled "Prospectus" that described the Plan and included the statement that if the employee's employment was terminated the company had "the right to repurchase, at the price paid for by employee, all shares purchased by employee." The Prospectus added that this right of the company had to be exercised within 20 days.

On January 26, 1982 Centronics issued the certificate for the 1000 shares. The certificate stated that the shares represented "were subject to the terms of an Agree-

ment between the persons whose name appear hereon and Centronics Data Computer Corporation including the Corporation's continuing right of first refusal to purchase such shares and to all other terms, conditions and restrictions of the Corporation's Restricted Stock Purchase Plan. A copy of said agreement and said Plan is on file in the office of the Corporation."

On October 1, 1982 Kates' employment by Centronics was terminated. Kates did not make an offer orally or in writing to sell the shares at their original price to the company. In February 1983 he attempted to sell the shares to others but was prevented because of the restrictions noted on the certificate. On February 17, 1983 Centronics sought the return of the certificate, offering to pay the face value amount of $100. Kates did not return the certificate but instead brought this lawsuit.

## PROCEEDINGS

After a trial the district court ruled that the restrictions referred to in Kates' acceptance of Centronics' offer referred to the restrictions as summarized in the Prospectus. The court further ruled that to exercise its election the company must make the offer of repurchase in writing, that the company had not done so, and that consequently the restrictions had lapsed. The court gave judgment for the plaintiff for $11,375.00, the value of the stock as of October 25, 1982, the point at which the court believed the lapse took effect. Centronics appealed.

## ANALYSIS

■ The offer made by Centronics was met by the acceptance of Kates. That acceptance explicitly incorporated the restrictions of the Plan. There is no basis on which it can be concluded that the parties incorporated the Prospectus in this contract.

■ The Plan called for a written offer by Kates. Kates failed to make the written offer. The restrictions still bind. *Centronics Data Computer Corp. v. Salzman,* — N.H. —, 531 A.2d 348 (1987).

Kates objects that the Plan itself was never offered in evidence and so is not part of the record. Relevant portions of the Plan are quoted in Centronics' answer. The district court itself referred at several points in its opinion to the terms of the Plan. It is fair to say that both parties and the court proceeded as though the Plan was in evidence.

If Kates' objection is sound his case would also fail because his complaint admits that the offer and acceptance were made in accordance with the terms of the Plan. The Plan was thus a necessary part of the contract. If the Plan is not evidence, Kates has not proved what the contract was and he has no case at all.

REVERSED and REMANDED with instructions to enter judgment for the defendant.